SHELDON v. CHEMUNG CANAL BANK.

(Supreme Court, Equity Term, Erie County.   May 7, 1910.)

1. Gifts (§ 28*)—Inter Vivos—Acts Constituting.

A policy, issued on the application of a wife, stipulated for the payment thereof to her on the death of her husband within 40 years, and in the event he should survive that period the same should be payable to him. The husband for about 6 years paid the premiums, and on the policy becoming self-sustaining he handed it to the wife, stating that he wanted to give the policy to her and all his interest therein.  *Held* to constitute a gift to the wife of the money due on the policy; it being an actual or symbolic delivery of his claim to the insurance money if he survived 40 years.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. § 51; Dec. Dig. § 28.*]

2. Gifts (§ 48*)—Inter Vivos—Acts Constituting.

Where a husband made a valid gift to his wife of a life policy, the fact that he subsequently executed a formal assignment of the policy to her, who in presenting her claim to insurer referred to the assignment as her title, did not impeach her title acquired under the gift.

[Ed. Note.—For other cases, see Gifts, Dec. Dig. § 48.*]

Action by Victoria R. Sheldon against the Chemung Canal Bank. Judgment for plaintiff.

Bartlett & Chamberlain, for plaintiff.
Reynolds, Stanchfield & Collin, for defendant.

BROWN, J.   On July 24, 1866, the Ætna Life Insurance Company issued its policy of insurance upon the application of the plaintiff, agreeing to pay to the plaintiff the sum of $2,000 in the event that her husband, Frederick M. Sheldon, should die within 40 years, and in the event that he should survive that period the said sum was to be payable to him, the said Frederick M. Sheldon.   The policy was delivered to Frederick M. Sheldon, who for about 6 years paid the premiums thereon.   At that time, about 1872, the policy became self-sustaining; the dividends and accumulations thereon being sufficient to meet the annual premiums.   About 1872 Frederick M. Sheldon handed the policy to his wife, the plaintiff, saying, as the plaintiff testifies:

"He wanted me to have that.   It was mine.   He wanted to give it to me."

And as testified to by Frederick M. Sheldon:

"I think about six years after it was taken out I gave it to my wife.   I gave it to her.   I said that I gave her all my interest in it.   I gave her this policy, with all interest in it, my interest included."

It is the contention of the defendant that such transaction did not constitute a valid gift by Frederick M. Sheldon to the plaintiff of his claim to the insurance fund of $2,000 that would become payable to him July 24, 1906, for the reason that the policy was the property of the plaintiff, that she was entitled to its possession, and that the delivery thereof to her could not constitute a gift of anything.   While it is true that the plaintiff at all times from July 24, 1866, up to July 24, 1906, was entitled to the possession of the policy, in so far as it secured to her the right to collect the insurance moneys that would

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

become payable to her in the event of the death ,of Frederick M. Sheldon during that time, yet such right to its possession was not exclusive.   Frederick M. Sheldon was entitled to the possession thereof during the same period, in so far as the policy secured to him the right to demand such insurance moneys at the expiration of the 40 years. The only evidence of the claim of Frederick M. Sheldon to such insurance moneys, in the event that he should survive that period, was the policy itself.   It was the muniment of his title; and while such delivery of the policy did place in plaintiff's physical possession the evidence of her claim to the insurance moneys payable to her in the event of the death of Frederick M. Sheldon during the 40 years, it also at the same time was an actual or symbolic delivery by Frederick M. Sheldon to the plaintiff of his claim to the insurance moneys in the event that he survived that period.

The conclusion is reached that Frederick M. Sheldon in 1872 made a valid and effectual gift to the plaintiff of all moneys that accrued to him in 1906.   Such fact made the general assignment in 1893 by Frederick M. Sheldon to W. Chalmers Peebles for the benefit of creditors ineffectual as a conveyance of the policy or any interest therein, and the defendant by or through such assignment obtained no title to the insurance moneys accruing July 24, 1906.   The fact that Frederick M. Sheldon in 1896 executed a formal written assignment of the policy of insurance to the plaintiff, and the fact that the plaintiff, in presenting her claim to the insurance company in 1906 for the moneys agreed to be paid to Frederick M. Sheldon, referred to the written assignment of 1896 as her title thereto, do not impeach or destroy her title acquired in 1872.

The plaintiff is entitled to the moneys paid into court.   Judgment is accordingly ordered, with costs.   Let findings be prepared.